COMMERCIAL CREDIT CORPORATION, a CORPORATION, v. KNOX M. BARNES and ROBESON MOTORS, INC., a CORPORATION.

(Filed 13 January, 1956.)

**Appeal and Error § 29—**

> Exceptions and assignments of error not discussed in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

APPEAL by defendants from *Hubbard, Special J.*, August-September, 1955, Term, of ROBESON.

Defendants' appeal is from an order sustaining plaintiff's demurrer to the causes of action for affirmative relief alleged by defendant *in amendment* to their original further answer, defense and countersuit.

Plaintiff's action is to recover $2,192.49 plus interest. It is alleged that the individual defendant purchased a described automobile from the corporate defendant and executed and delivered to it a conditional sale contract thereon. It is further alleged that the corporate defendant assigned the contract to the plaintiff and guaranteed payment thereof. In addition to recovery of the money judgment, plaintiff seeks to enforce its lien.

Answering, defendants alleged that the automobile was a demonstrator; that the transaction, as understood and agreed, was between the plaintiff and the corporate defendant; and that the individual defendant's participation therein was a mere formality.

As in "Commercial Credit Corporation, a corporation, v. Robeson Motors, Inc., Wilton B. Barnes and Knox M. Barnes," this date decided, defendants filed an amendment to answer, in lieu of their said original further answer, defense and countersuit, alleging therein separately four causes of action by the corporate defendant against the plaintiff. These were identified by the same captions and, except as noted below, contained the same allegations as in the other case.

Herein, in their further (fourth) cause of action, defendants alleged that the corporate defendant's plea for affirmative relief against plaintiff, "as set forth in this answer in three causes is the same as set forth in an action pending in the Superior Court of Robeson County and

entitled 'Commercial Credit Corporation, a corporation, *v.* Wilton B. Barnes and Knox M. Barnes and Robeson Motors, Inc., a corporation.' "

Plaintiff, in writing, in paragraphs 1, 2, 3 and 4, demurred separately to each of defendants' four causes of action, and as to each the grounds of demurrer assigned were these: "(a) The same constitutes a misjoinder of causes which cannot be properly used by way of counter-claim or set-off in an action such as brought by plaintiff, and fails to state facts sufficient to constitute a valid counter-claim, set-off, or defense; (b) It appears on the face of the defendants' pleadings that there is another action pending between the same parties for the same causes."

The court ruled, in relation to subsection (a) of the demurrer(s), that plaintiff's demurrer should be sustained as to the first, second and further (fourth) causes of action, but overruled as to the third cause of action.

The court *ruled further* that demurrer to each and all of the four causes of action should be sustained on the ground assigned in subsection (b) of the demurrer; and thereupon the court entered its order sustaining plaintiff's demurrer as to all four causes of action.

Defendants excepted and appealed.

*McKinnon & McKinnon and Mordecai, Mills & Parker for plaintiff, appellee.*

*Nance & Barrington and Ellis E. Page for defendants, appellants.*

BOBBITT, J. In their brief filed in this Court, defendants bring forward and discuss only the separate rulings of the court below wherein, on the grounds set forth in subsection (a), it was held that demurrer to the first and second causes of action should be sustained. No reference whatever is made to the fact that the court sustained plaintiff's demurrer as to all four causes of action on the ground assigned in subsection (b). Hence, their exception and assignment of error in relation thereto are taken as abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 544, 563.

Since the demurrer to all alleged causes of action (counterclaims) was sustained on the ground assigned in subsection (b), and this is not challenged on appeal, the order sustaining plaintiff's demurrer on that ground must be and is affirmed.

Whether the trial of this action should be deferred until the trial in the other case or the two cases consolidated for trial are matters for consideration in the Superior Court.

Affirmed.